## Carroll v. Carroll

*Charles R. Rosamilia, Jr.,* for plaintiff.
*Michael K. Hanna,* for defendant.

BROWN, *P.J.,* October 19, 1982—The parties hereto are husband and wife and are the parents of Charles Clayton Carroll, born March 17, 1980, who is the object of these custody proceedings. The parties have been separated since at least June 10, 1982 when defendant secured an order from this court barring plaintiff from the marital domicile under the Protection From Abuse Act. Up until that time Charles has resided with both of his parents at the following addresses:

(1) Birth to January, 1981—Binghamton, New York

(2) January, 1981 to May, 1981—Milford, Connecticut

(3) May, 1981 to December, 1981—Erie, Pennsylvania

(4) December, 1981 to July, 1982—Flemington, Clinton County, Pennsylvania

(5) July 5, 1982 to the present—Milford, Connecticut

Subsequent to the June 10, 1982 PFA order, de-

fendant was evicted by her landlord from her Flemington residence which resulted in her moving to Milford, Ct. where she continues to reside with Charles at her parents' residence. She has secured employment there as a nurse's aide. Charles is currently receiving weekly medical treatment for a "Lazy eye" affliction. Defendant intends to reside with her parents in Milford indefinitely and has no current plans to return to Pennsylvania. The parties have friends and relatives residing in the Clinton County area, some of whom might be called as witnesses in these proceedings. Defendant would intend to have various witnesses from Connecticut also testify which would include her current babysitter, a neighbor, her parents, and Charles' treating physician.

While plaintiff has alleged in his custody complaint filed July 22, 1982 that his current residence is in Flemington, Clinton County, Pa., it is clear from his testimony that this is not so. Rather he has testified that he would move to Flemington if he were awarded custody of Charles. He claims to be residing in Emlenton, Pa., with a friend by the name of Frank Snyder. He is employed by a trucking concern operating out of a home owned by him in Council Bluffs, Io. He denies any ownership in this company and also denies that the Council Bluffs home is his current residence.

## DISCUSSION AND CONCLUSIONS OF LAW

Preliminary, defendant has raised a question concerning the jurisdiction of this court to hear the present custody dispute. Under the provisons of 42 Pa.C.S.A. §5344(a)(ii) this court does have jurisdiction based upon the child's having resided in Clinton County within six months before com-

mencement of the proceedings even though Charles is now absent from Pennsylvania because of his removal to Connecticut by his mother who is claiming his custody. Thus, the court rejects the argument that jurisdiction over these proceedings does not lie in Pennsylvania and specifically in Clinton County. The evidence is clear that Charles resided in Flemington in this county from December of 1981 at least through June 10, 1982 and perhaps somewhat longer since defendant's testimony is that she moved to her parents' home in Milford, Ct. on July 5, 1982. It is also clear that Charles is absent from the Commonwealth because of his removal by defendant who is claiming his custody.

However, as defendant has correctly pointed out, even though this court does have appropriate jurisdiction under 42 Pa.C.S.A. §5344, it can decline to exercise jurisdiction under 42 Pa.C.S.A. §5348 on the basis of the rules relating to inconvenient forum. Such a finding by this court requires a concomitant finding that the court of another state is a more appropriate forum. Therefore, in order to accept defendant's argument that Pennsylvania is an inconvenient forum, it must be concluded that Connecticut is a more appropriate forum.

In determining whether this court is an inconvenient forum, the court has several factors which can be considered. Among these is an inquiry into whether Connecticut would have a closer connection with the child and his family or with the child and one or more of the contestants. In this regard, the court is satisfied that defendant does intend to have a permanent residence in Connecticut with her parents for the indefinite future.

Secondly, the court should determine if substantial evidence exists in Connecticut concerning the

present or future care, protection, training and personal relationships of Charles and whether that evidence is more readily available in Connecticut. Again, defendant has made out a sufficient case to make such a finding. Testimony concerning his present care would be received from defendant's neighbor as well as his babysitter, and with regard to his health, medical testimony would have to be forthcoming from his physician who is also located in Connecticut.

Plaintiff has argued primarily that the court should not recognize the aforementioned factors and instead should inquire into the reasons why Charles is in Connecticut and to make a finding that he is presently there as a result of a unilateral abduction which plaintiff likens to the phenomena of childnapping. In the court's judgment, plaintiff's characterization of defendant's removal to Connecticut with Charles as childnapping is an overdramatization of the actual facts. Based on the record, it is manifest that defendant was evicted from her Clinton County residence in Flemington on June 10, 1982, and that her subsequent move to Connecticut arose from her desire and need for a residence for her and Charles and was not designed to avoid the jurisdiction of this court in any existing custody proceeding. No custody proceeding was in existence on July 5, 1982, and there is no evidence from which it can be inferred that defendant had any reason to believe that any such action was about to be instituted.

Plaintiff has cited to the court the case of Octaviano v. Dombrowski, 290 Pa. Superior Ct. 322, 434 A. 2d 774, (1981) in support of his argument. A reading of Octaviano, however indicates that at the time the child was removed from Pennsylvania to New York that a custody proceed-

ing had been initiated in Pennsylvania and the court was satisfied that the child's removal was for the purpose of avoiding jurisdiction in this Commonwealth. Also, it is of some significance that the removing parent in Octaviano also accomplished the removal by forcibly taking the child from its custodian in Pennsylvania. None of these factors are present in the instant case and accordingly, Octaviano is deemed to be inapplicable. Other cases cited by both parties deal with situations where a child had been brought into Pennsylvania from another state, and in those situations, sufficient contacts with Pennsylvania were found to justify jurisdiction.

Another item which is present in this case which is not present in any of the cited cases is the fact that the court is not satisfied that plaintiff maintains a residence in Clinton County or for that matter in Pennsylvania. His testimony that he would establish a residence in Clinton County if he were awarded custody is not an adequate basis upon which to find that Pennsylvania and Clinton County in particular are convenient forums for hearing this case. This is so nothwithstanding the existence of friends and existing family members in Clinton County. As nearly as the court can tell plaintiff may be residing with a friend in the community of Emlenton which is in western Pennsylvania some 125 miles from Clinton County. Since plaintiff also owns a home in Council Bluffs, Io., the court cannot really discount the prospect that he also resides at that residence despite his assertions to the contrary. In any event, it would seem somewhat incongruous for this court to find that it has sufficient contacts with the child to hear and determine the issue of custody when in fact neither

parent would be residing in Clinton County at the time such hearings would be conducted.

In addition, defendant's argument concerning evidence of Charles' present and future care emanating from the state of Connecticut is persuasive in the context that plaintiff is not maintaining a current residence in Clinton County. After considering all of the circumstances previously discussed, the court is of the opinion that under section 5348 the Court of Common Pleas of Clinton County in Pennsylvania is an inconvenient forum and further that the courts in the state of Connecticut represent a more convenient forum. The court in making this judgment has considered the fact that Charles' present stay of custody in Connecticut is of only a few months duration, but in view of the unsettled nature of plaintiff's existence with respect to establishing a domicile, the court's conclusion regarding its being an inconvenient forum is inescapable. The court also notes that Charles has had some prior contacts with the state of Connecticut arising from the four or five month period in 1981 when he did reside in Milford, Ct. with the parties.

## ORDER

And now, October 19, 1982, based upon the foregoing opinion, the court hereby finds under the provisions of 42 Pa.C.S.A. § 5348 that it is an inconvenient forum to hear this custody matter and the state of Connecticut is a more convenient forum and it is therefore ordered that defendant's preliminary objections with respect to jurisdiction and venue be sustained and the within custody complaint be dismissed.