434 A.2d 774

**COMMONWEALTH of Pennsylvania ex rel. John OCTAVIANO**

v.

**Linda DOMBROWSKI.**

**Appeal of John OCTAVIANO.**

Superior Court of Pennsylvania.

Argued May 27, 1981.

Filed Sept. 4, 1981.

Lynne Z. Gold-Bikin, Philadelphia, for appellant.

Linda Dobrowski, did not file a brief on behalf of herself (in pro. per.)

Before WICKERSHAM, McEWEN and WIEAND, JJ.

WIEAND, Judge:

In this custody proceeding, the trial court concluded sua sponte that Pennsylvania was an inconvenient forum and declined to exercise its jurisdiction. Therefore, it dismissed the action. We agree with appellant that this was error.

The appellant, John Octaviano, is the biological father of a child, Nicole, born out of wedlock to the appellee, Linda Dombrowski, on November 3, 1979. The parties, who lived together in Philadelphia for approximately a year, had separated in July, 1979, prior to the birth of the child. After the child was born, appellee sought to place the child for adoption, but appellant refused to consent to any adoption. Over appellant's objection the child was then placed with Catholic Social Services. Appellant, however, made repeated efforts to have the child placed in his care. On February 11, 1980, appellee removed the child from the agency and took her to live with appellee in the apartment which she leased at 900 Asbury Terrace, Philadelphia. Appellant came there regularly to visit his daughter. As a result of an argument between the parties on the evening of April 27, 1980, Nicole was taken to and spent the night at the home of appellant's parents. On the following day, appellee broke into the home, pushed appellant's mother down, and removed the child to the home of appellee's parents in Rochester, New York.

Meanwhile, on April 23, 1980, appellant had commenced an action to obtain custody of Nicole and had obtained an ex parte injunctive order restraining appellee from removing Nicole from Pennsylvania. Neither the petition nor the

restraining order had been served prior to the time when appellee went to New York. A copy of the petition and notice of hearing were subsequently served on appellee by certified mail. Upon the advice of New York counsel, appellee did not appear at the hearing; and, therefore, it proceeded without her. After a hearing on the merits had been concluded, the trial court entered an order declining to decide the custody issue on the grounds that Pennsylvania was an inconvenient forum. From that order, the present appeal was filed.

■ Jurisdiction to hear and decide the custody issue clearly existed in the courts of Pennsylvania under the provisions of the Uniform Child Custody Jurisdiction Act, enacted in Pennsylvania as the Act of June 30, 1977, P.L. 29, No. 20, 11 P.S. § 2301 et seq.[1] Section four thereof[2] provided:

"(a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this State:

(i) is the home state of the child at the time of commencement of the proceeding; or

(ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; ..."

"Home state" was defined by Section three[3] as the "state in which the child ... lived with his parents, a parent, in an institution or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with

1. This statute was subsequently repealed and is now found in the Judicial Code at 42 Pa.C.S.A. § 5341 et seq.

2. 11 P.S. § 2304. Now 42 Pa.C.S.A. § 5344.

3. 11 P.S. § 2303. Now 42 Pa.C.S.A. § 5343.

any of the persons mentioned." Nicole was physically present in Pennsylvania from birth until after commencement of the instant custody proceeding. The child is presently absent because removed by a parent to New York after the commencement of proceedings but before service of the petition. Pennsylvania clearly is Nicole's home state; and the courts of Pennsylvania have jurisdiction to determine custody.

The trial court, although recognizing that it had jurisdiction to decide the merits of the custody proceeding, declined to exercise that jurisdiction because it found Pennsylvania an inconvenient forum. With this conclusion we are unable to agree.

Section eight of the Act[4] provided: "A court which has jurisdiction under this act to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum." Such a finding of inconvenient forum may be made upon the court's own motion or on motion of a party. In determining if it is an inconvenient forum, the court is directed to consider if it is in the interest of the *child* that another state assume jurisdiction. "For this purpose it may take into account the following factors, among others:

(1) if another state is or recently was the child's home state;

(2) if another state has a closer connection with the child and his family or with the child and one or more of the contestants;

(3) if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) if the parties have agreed on another forum which is no less appropriate; and

4. 11 P.S. § 2308. Now 42 Pa.C.S.A. § 5348.

(5) if the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in section 2."

■  It is important to remember that a finding of inconvenient forum cannot properly be made unless the court finds that a court of another state is a more appropriate forum. In the *Matter of D.L.S.*, 278 Pa.Super. 446, 420 A.2d 625, 627 (1980), the contestants for custody of two children had been lifelong residents of Erie County, Pennsylvania, where both children had also been born. Less than a month before the custody proceedings were commenced, the mother took the children to Florida. In sustaining the trial court's refusal to decline the exercise of jurisdiction, this Court, per Price, J., said: "In light of the very brief presence in Florida of the children and one of the contestants—a mere three and one-half weeks—and the lack of any prior connections there, it is difficult to understand how a Florida court could properly exercise jurisdiction under the criteria of the Uniform Child Custody Jurisdiction Act."

When the present custody proceedings were commenced for Nicole, the child's entire lifetime of less than six months had been spent in Pennsylvania. Both contestants were also residents of Pennsylvania; and the social agency whose services had been enlisted on behalf of the child was located in Philadelphia. Only the maternal grandparents of the child maintained a home in New York. The grandparents, however, were neither parties to the custody proceedings nor responsible for the child's care and maintenance. It seems clear, therefore, that when these custody proceedings were commenced, both the contestants and the child had stronger connections with Pennsylvania than with New York. Indeed, it is difficult to perceive that New York had any interest in the issue of Nicole's custody when proceedings were commenced in Pennsylvania on April 23, 1980.

■  Similarly, there was no reason for holding New York the more convenient forum because of available evidence. The situs of the factual evidence was predominantly in Pennsylvania. The witnesses who had observed and were

familiar with Nicole were in Pennsylvania. The only evidence available in New York was that which became available after appellee removed the child to that state following the commencement of custody proceedings in Pennsylvania. This is an inadequate basis on which to hold that a court in Pennsylvania is an inconvenient forum. For this Court to hold otherwise would allow parties to custody proceedings to defeat jurisdiction by the simple expedient of removing the child to another state. The prevention of such a result was one of the principal purposes of the act. See: *Parks v. Parks*, 284 Pa.Super. 400, 407, 426 A.2d 108, 111 (1981).

■ The trial court concluded that since the child was in New York at the time of the hearing, where appellee intended to remain and had obtained employment, the courts of that state had more substantial "contacts" with the child than the courts of Pennsylvania. By doing so, the trial court placed unwarranted emphasis on the physical location of the child. The Uniform Child Custody Jurisdiction Act was intended, inter alia, to deter "unilateral removals of children" and evidenced a direction to reduce the emphasis previously placed upon physical location of the child at the time of custody proceedings. Sections 2(a)(5) [5] and 4(c) [6]. Thus, Nicole's presence in New York with appellee, although a fact to be considered, was not determinative. Of greater significance was the fact that at the time when the proceedings had been commenced the child and both parents were residents of and physically present in Pennsylvania. This fact demonstrated unequivocally that Pennsylvania and not New York was the appropriate forum where the best interests of the child could more readily be determined and custody decided. See: *Matter of D.L.S.*, supra. See also: *Williams v. Zacher*, 35 Or.App. 129, 581 P.2d 91 (1978). The trial court erred in refusing to exercise its jurisdiction to consider the merits of appellant's petition for custody.

Reversed and remanded for further proceedings consistent with the foregoing opinion.

**5.** 11 P.S. § 2302(a)(5). Now 42 Pa.C.S.A. § 5342(a)(5).

**6.** 11 P.S. § 2304(c). Now 42 Pa.C.S.A. § 5344(c).