J-A04044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K.W., N/K/A, K.S., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| J.J.W., | : | |
| | : | |
| Appellant | : | No. 1459 WDA 2014 |

Appeal from the Order Entered August 12, 2014,
in the Court of Common Pleas of Greene County,
Civil Division, at No(s): A.D. No. 385, 2004

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 06, 2015**

J.J.W. (Father) appeals from the order entered August 12, 2014, which, *inter alia*, reduced Father's partial physical custody of his minor sons. Father also challenges the trial court's July 31, 2014 order which sealed the record of the children's interviews with the trial court and prohibited both parties' counsel from any discussion of the interviews.  Upon review, we affirm.

The trial court summarized the underlying facts of this case as follows:

> This action involves twin boys, R.J. and T., born [in March of] 2004.  The parents are K.L.S., [formerly K.L.W., (Mother)] and … Father, who were married at the time of the boys' birth, but separated shortly thereafter.  [The trial court] last discussed this case at length in June of 2012.  At that time [the trial court] continued the pattern that was first established in July of 2008, providing that the parties had joint legal custody and that primary physical custody would be with Mother.  Father would have in-custody visits from the first to the sixth day of each

*Retired Senior Judge assigned to the Superior Court.

month and from the fifteenth to the twenty-first day of each month. When this regime was initiated Mother lived in the Jefferson Morgan School District and Father lived in the Central Greene School District. When the boys started school, transportation was not much of a problem. At some point, Father began working in Wheeling, West Virginia and in 2011, moved to Valley Grove, West Virginia, a few miles west of the Pennsylvania line, near interstate 70. The custody schedule continued with someone, usually the paternal grandmother, [] driving the boys to and from school in Jefferson, Greene County. The trip takes about 50 minutes one way.

In 2010, Father petitioned for modification, but this request was later withdrawn. In September of 2011, Mother requested modification. Her request came to be heard by [a] Child Custody Hearing Officer and on November 3, 2011, [the Child Custody Hearing Officer] recommended that the existing custody order remain unchanged. Mother requested a hearing *de novo*. After several continuances [the trial court] heard the evidence and on June 25, 2012, [the trial court] issued essentially the same order. In March of 2014, Mother again requested modification. On May 7, 2014, the Hearing Officer denied the request, leaving in place the June 2012 order. Mother again requested a hearing *de novo* and [the trial court] heard the matter on July 31 and August 1, 2014. [The children were interviewed in chambers during the course of the hearing.]

Trial Court Opinion, 8/12/2014, at 1-2.

The trial court issued the order regarding the children's interviews on July 31, 2014, and the custody order on August 12, 2014. Father then timely filed the instant appeal.

Father sets forth several issues for our review, which can be reduced to the following: whether the trial court erred and abused its discretion in (1) sealing the record of the children's interviews and prohibiting the parties' counsel from any discussion of the interviews, and (2) reducing the

- 2 -

children's overnight visits with Father from eleven per month to six per month.

Father first argues that, in entering the July 31, 2014 order, "the [t]rial [c]ourt denied Father a due process right to be aware of and appreciate all testimony and evidence offered against him." Father's Brief at 20. Father further argues that the order restricted the ability of counsel to inform and consult with Father regarding the proceedings in contravention of Pennsylvania Rule of Professional Conduct 1.4 and, because Father could not be made aware of the children's testimony, Father was not afforded the opportunity to offer evidence in response to it.[1]

Upon review, we discern no reversible error with respect to the trial court's July 31, 2014 order. Even assuming *arguendo* that the order was improper, we note the following.

> When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place,

---

[1] The parties do not dispute that the trial court acted in accordance with Pa.R.C.P. 1915.11(b), which governs the procedure a court is to use in questioning children in custody actions:

> The court may interrogate a child, whether or not the subject of the action, in open court or in chambers. The interrogation shall be conducted in the presence of the attorneys and, if permitted by the court, the parties. The attorneys shall have the right to interrogate the child under the supervision of the court. The interrogation shall be part of the record.

Pa.R.C.P. 1915.11(b).

charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Joselit v. Joselit*, 544 A.2d 59, 61 (Pa. Super. 1988) (quotation marks omitted) (quoting *In re Garett's Estate*, 6 A.2d 858, 860 (Pa. 1939)).

Here, the findings of the trial court concerning what the children stated during their interviews were set forth in its opinion. Father fails to indicate in his brief any specific evidence he would have submitted, in light of the trial court's findings, to rebut or support the children's testimony had his attorney been able to apprise him of it earlier. Accordingly, Father has not persuaded us that the trial court's order resulted in prejudice to him and that he is entitled to relief on this basis.

In his second issue, Father argues that the trial court erred and abused its discretion in reducing the children's overnight visits with Father from eleven per month to six per month. We consider this issue mindful of the following.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we

are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

\* \* \*

[T]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

The primary concern in any custody case is the best interests of the child. The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual wellbeing.

We must accept the trial court's findings that are supported by competent evidence of record, and we defer to the trial court on issues of credibility and weight of the evidence. Additionally,

[t]he parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

***R.L.P. v. R.F.M.***, ___ A.3d ___, 2015 WL 548639, \*5 (Pa. Super. filed

February 11, 2015) (citations and quotation marks omitted).

Father argues that, as demonstrated by the evidence at the custody trial, the children were thriving under the prior custody arrangement and both parents exhibited a sufficient amount of cooperation such that a reduction in Father's custody was improper. Father also claims that the trial court's analysis of the factors in 23 Pa.C.S. § 5328(a) does not support a reduction in Father's custody of the children, as only one factor—the well-reasoned preference of the children—appeared to weigh in favor of Mother. In this regard, Father further maintains that the trial court placed too much weight on the children's preference, which was not in fact "well-reasoned," given that the trial court found their testimony not credible with respect to the negative things they said about Father. Moreover, Father contends that the trial court failed to find that Mother has discouraged a meaningful relationship between the children and Father, despite evidence demonstrating that to be the case. Finally, Father argues that the trial court improperly considered the children's participation in horse shows with Mother and a traffic violation committed by their paternal grandmother as independent factors for reducing Father's custody time.

Upon analyzing the factors in section 5328(a), the trial court, who has lived with this case since 2004, explained that a reduction in Father's custody was proper because the implementation of the existing schedule was not working. Trial Court Opinion, 8/12/2014, at 9. The trial court observed that the relationship between Father and the children continues to

deteriorate and that the children want nothing to do with him. *Id.* at 9-10. Moreover, the trial court explained that, although it did not find their statements painting Father in a negative light to be credible, it was significant that the children made the statements at all. *Id.* at 10. The trial court further suggested that counseling was the only possible way to mend the relationship between Father and the children.[2] The trial court concluded that it was time to reduce the contact between Father and the children, as doing so would not harm their relationship, which could "hardly get worse," and it was in everyone's best interest to reduce the time spent commuting. *Id.* at 11.

In light of the above analysis, we discern no abuse of discretion. Moreover, Father's arguments largely amount to a contention that the trial court should have interpreted certain evidence in his favor or otherwise challenge the weight the trial court attributed to the evidence and its credibility determinations, which we may not disturb on appeal.[3] *See R.L.P.*

---

[2] The trial court explained that the parents and children were in counseling previously, "but that arrangement died away, apparently because of a lack of interest by Father." Trial Court Opinion, 8/12/2014, at 10.

[3] Further, we reject Father's argument that the trial court improperly considered the children's participation in horse shows with Mother and a traffic violation committed by their paternal grandmother as factors for reducing Father's custody time. The trial court included these considerations in the context of its analysis of the factors enumerated in section 5328(a). The trial court did not abuse its discretion in so doing.

***v. R.F.M.***, ___ A.3d ___, 2015 WL 548639, at *5.  Thus, Father is not entitled to relief on this issue.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015