J-A27015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| P.S.K., | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| D.K.K., | |
| Appellant | No. 563 WDA 2015 |

Appeal from the Order Dated March 3, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 11-8108-008

BEFORE: BOWES, OLSON, AND STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 08, 2015**

D.K.K. ("Mother") appeals the March 3, 2015 order wherein the trial court denied her motion to relinquish jurisdiction to California of her ongoing child custody dispute with P.S.K. ("Father") pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S. § 5401, *et seq*. We affirm.

The trial court succinctly summarized the underlying facts and procedural history as follows:

The parties, who have three children, ages 9 through 14, separated in September of 2011, after which Mother and the children moved to California. A custody case was commenced [in Pennsylvania] and in December of 2011 Father . . . filed a [m]otion for holiday custody. An interim order was entered granting Mother primary custody and granting Father holiday time with the children. After much continued negotiation, the parties entered into an interim agreement. They then

underwent psychological evaluations with Allegheny Forensics [("AFA")]. AFA issued a report dated July 30, 2012[.]

. . . .

Ultimately, on or about August 8, 2013, Mother and Father reached a comprehensive Consent Order which allowed Mother's relocation to California with the children. Father would have liberal visitation in California, holiday time, as well as the entire summer vacation in Pennsylvania. The parties have shared legal custody.

Of note, the Consent Order provides, in Paragraph 8, that it **shall** be "interpreted according to the laws of Pennsylvania." In Paragraph 9 it provides that the Order **shall** be presented to the Court of Common Pleas of Allegheny County and entered as an Order there and, at Paragraph 10 that "for enforcement purposes, the Commonwealth of Pennsylvania **shall** be the state said Order is enforced, although it may be registered in California also." That paragraph further provided that either parent **may** petition for modification in the Court of Common Pleas of Allegheny County, Pennsylvania. (Emphas[e]s added [by trial court]).

[On] January of 2015, . . . Father presented three motions regarding custody - one for contempt, one for appointment of a psychologist for the children, and a third seeking modification. Mother responded with a Motion to Relinquish Jurisdiction. She also, however, filed a [m]otion requesting that Father be found in contempt, and filed a response to Father's motion for appointment of a psychologist. The motions regarding contempt and the psychologist were not ruled upon, as [the trial court] held the matter of jurisdiction had to first be determined.

After reviewing memorandums submitted by the parties, [on February 13, 2015, the trial court] denied Mother's [m]otion. Mother filed for [r]econsideration and, in the alternative, asked that [the court] state in [the] Order that the case involved a significant issue of jurisdiction to allow Mother the opportunity to appeal.

Trial Court Opinion, 4/22/15, at 1-3.[1]

On March 12, 2015, the trial court entered an order dated March 3, 2015, wherein it amended the February 13, 2015 order denying the motion to relinquish jurisdiction to reflect that "a substantial issue of venue or jurisdiction [was] presented." Trial Court Order, 3/12/15, at 1. The purpose of the amendment was to render the interlocutory order appealable as of right pursuant to Pa.R.A.P. 311(b)(2).[2] This timely appeal followed.

Mother complied with Pa.R.A.P. 1925(a)(2)(i) by filing a concise statement of errors complained of on appeal concurrent with the notice of appeal. The Rule 1925 statement set forth three issues, which Mother restates on appeal as follows:

> A. Whether the trial Court erred in denying Defendant /Mother's request to relinquish jurisdiction of the herein custody matter to the State of California?
>
> B. Whether the Commonwealth of Pennsylvania no longer has exclusive continuing jurisdiction pursuant to Pennsylvania Law?
>
> C. Whether the Commonwealth of Pennsylvania is an inconvenient forum to litigate Father's Petition for Modification of Existing Custody Order pursuant to Pennsylvania Law?

---

[1] The opinion was not paginated. We assigned page numbers for ease of review.

[2] Pa.R.A.P. 311(b)(2) provides, "An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person . . . if: . . . (2) the court states in the order that a substantial issue of venue or jurisdiction is presented."

Mother's brief at 4. Mother's argument discusses questions one and two collectively. Accordingly, we address the two issues jointly, and for the reasons that follow, find no relief is due.

As the central issue in this case relates to the trial court's determination that it had exclusive, continuing jurisdiction pursuant to Section 5422 of the UCCJEA, as opposed to the court's decision to retain or relinquish its jurisdiction of a custody matter, we exercise *de novo* review over that aspect of this appeal. **Compare S.K.C. v. J.L.C.**, 94 A.3d 402, 408 (Pa.Super. 2014) ("[A] trial court's decision that it possesses subject matter jurisdiction under section 5422 is purely a question of law. As such, our standard of review is *de novo* and our scope of review is plenary."), **with Wagner v. Wagner**, 887 A.2d 282, 285 (Pa.Super. 2005) (emphasis added) ("A court's **decision to exercise or decline** jurisdiction [per the UCCJEA] is subject to an abuse of discretion standard of review[.]"). Our scope of review is plenary. **S.K.C.**, *supra* at 408.

Herein, our review turns on the application of § 5422(a)(1), which sets forth the following test to determine whether a trial court retains "exclusive, continuing jurisdiction" over its initial custody order:

### § 5422. Exclusive, continuing jurisdiction

**(a) General Rule.**—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423

(relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:

(1) a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth **and** that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships[.]

23 Pa.C.S. § 5422(a)(1) (emphasis added).

In **Rennie v. Rosenthol**, 995 A.2d 1217, 1220–1221 (Pa.Super. 2010), we clarified, "The use of the term 'and' requires that exclusive jurisdiction continues in Pennsylvania until both a significant connection to Pennsylvania and the requisite substantial evidence are lacking." Hence, under this paradigm, a Pennsylvania court that made an initial custody determination under § 5421 "will retain jurisdiction as long as a significant connection with Pennsylvania exists **or** substantial evidence is present." **Id**. (emphasis added). Furthermore, a trial court's determination regarding the presence or lack of a substantial connection with Pennsylvania is based upon the factual circumstances as they existed at the time the petition was filed. **S.K.C.**, **supra** at 411. Thus, as it relates to the present situation, a California court lacks jurisdiction to modify the existing August 8, 2013 consent order as long as the children retain a significant connection with

Pennsylvania or substantial evidence exists in the Commonwealth regarding the children's wellbeing.[3]

As a preliminary matter, we must determine whether the trial court made its initial custody determination pursuant to § 5421(a)(1). If the trial court lacked jurisdiction to make the initial custody determination, then obviously it could not exercise continuing jurisdiction under § 5422(a)(1). The UCCJEA affords initial jurisdiction over child custody cases in the following pertinent circumstance:

§ 5421. Initial child custody jurisdiction

(a) General Rule.—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth[.]

23 Pa.C.S. 5421.[4]

---

[3] In **S.K.C.**, **supra** at 409, we held that since an individual cannot confer subject jurisdiction on a forum that would not otherwise possess it, a forum selection clause included in a custody agreement was irrelevant to the § 5422 continuing jurisdiction analysis. We reasoned, "we discern no basis within the legislative scheme of the UCCJEA upon which we could conclude that a forum selection clause may be regarded as dispositive in establishing jurisdiction under section 5422."

*(Footnote Continued)* ————————————

[4] The statute defines the pertinent terms as follows:

"Child custody determination." A judgment, decree or other order of a court providing for legal custody, physical custody or visitation with respect to a child. The term includes a permanent, temporary, initial and modification order. The term does not include an order relating to child support or other monetary obligation of an individual.

"Child custody proceeding." A proceeding in which legal custody, physical custody or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights and protection from domestic violence, in which the issue may appear. The term does not include a proceeding involving juvenile delinquency, contractual emancipation or enforcement under Subchapter C (relating to enforcement).

"Commencement." The filing of the first pleading in a proceeding.

. . . .

"Home state." The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child six months of age or younger, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

"Initial determination." The first child custody determination concerning a particular child.

. . . .

23 Pa.C.S. § 5402

Instantly, Father filed a custody complaint in Pennsylvania on October 7, 2011, less than one month after Mother took the children to California on September 2011. It is undisputed that the family had resided in the Commonwealth since 2008. Thereafter, the Court entered at least two temporary or interim custody orders prior to adopting the parties' consent decree on August 8, 2013. Any one of those orders would constitute an initial child custody determination as the expression is defined in the statute. As Pennsylvania was the home state of the children within six months of the commencement of the proceeding and Father continued to live in the Commonwealth, the trial court had jurisdiction to make the initial child custody determination in this case. **See R.M. v. J.S.**, 20 A.3d 496, 503-04 (Pa.Super. 2011) (where child resided in Pennsylvania for preceding six-month period, Pennsylvania was child's home state under § 5421 although he moved to Florida approximately one month prior to filing of custody petition in Pennsylvania).

Having reached the predicate determination that the trial court had initial child custody jurisdiction, we next must determine whether the court has exclusive, continuing jurisdiction pursuant to § 5422(a)(1), *i.e.*, the children have a significant connection with Pennsylvania **or** substantial evidence is available in the Commonwealth regarding care, protection, training and the personal relationships of the children. **See Rennie**, **supra**.

As discussed *infra*, the record reveals that the children maintain a significant connection with Pennsylvania.

Mother challenges the trial court's conclusion that it possessed exclusive, continuing jurisdiction. First, she asserts that Pennsylvania no longer qualifies as the home state under the UCCJEA because the children have resided in California for more than the last six months. While Mother's assertion is accurate, where, as here, Pennsylvania was the home state when the initial determination was entered, the designation of the current home state is irrelevant to the § 5422 analysis regarding the trial court's continuing jurisdiction over its initial child custody determination. Stated another way, the § 5422 jurisdictional analysis is designed to determine whether Pennsylvania maintains continuing and exclusive jurisdiction over its initial custody determination. To the extent that a significant connection exists between the children and Pennsylvania or substantial evidence exists in the Commonwealth regarding their wellbeing, the fact that California would qualify as their current home state is of no consequence to the § 4522 analysis. Thus, Mother's reliance upon that designation is misguided.

Next, Mother challenges the trial court's finding that the children have a significant connection with Pennsylvania. In explaining its rationale, the trial court observed,

> [T]he children still have a significant connection with the Commonwealth in that their Father lives here, they spend every summer here, they often spend their Christmas breaks from

school here, and they have extended family whom they know and with whom they visit.

The change in the children's residency is not enough to mandate the relinquishment of jurisdiction. The Superior Court in **S.K.C. v J.L.C.**, 94 A.3d 402 (Pa.Super. 2014), held that significant connection could be defined as one "where one parent exercises parenting time in the state and maintains a significant relationship with the child." In this case, the children spend their entire summers and often spend Christmas break with Father in Pennsylvania. Father also visits the children in California. Hence, Father spends parenting time in this Commonwealth and he maintains a significant relationship to his children.

Trial Court Opinion, 4/22/15, at 4.

In support of her position, Mother first complains that the trial court failed to conduct an evidentiary hearing or compile a record for review. She argues that the lack of testimony affected the trial court's determination regarding the existence of a significant connection. Mother asserts, "It is unknown how the trial court could rely on [any] facts when there has never been a minute of testimony taken on this case and there has not been one piece of evidence admitted." Mother's brief at 12. Specifically, she assails the trial court's findings regarding the children's relationship with Father and his extended family in Pennsylvania.

While the UCCJEA does not confer an express right to an evidentiary hearing, the statute contemplates that a hearing will occur or, at a minimum, that the petitioner would be afforded an opportunity to present facts and arguments in relation to the trial court's jurisdictional

determination.[5]  The comment following §5410, relating to communications between courts, clarifies,

> The parties' participation in the communication may amount to a hearing if there is an opportunity to present facts and jurisdictional arguments. However, absent such an opportunity, the participation of the parties should not to be considered a substitute for a hearing and **the parties must be given an opportunity to fairly and fully present facts and arguments on the jurisdictional issue before a determination is made.** This may be done through a **hearing or, if appropriate, by affidavit or memorandum**. The court is expected to set forth the basis for its jurisdictional decision, including any court-to-court communication which may have been a factor in the decision.

23 Pa.C.S. § 5410 Uniform Law Comment (emphases added); **see also** § 2427, Inconvenient Forum ("[A] court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, **the court shall allow the parties to submit information** and shall consider all relevant factors[.]").

Hence, at a minimum, the trial court was required to provide Mother an opportunity to present facts and arguments on the jurisdictional issue. Instantly, however, both parties had several opportunities to plead whatever

---

[5] Section 5425 of the UCCJEA specifically addresses a participant's rights to notice and the opportunity to be heard prior to the entry of a child custody determination under the Act.  **See** 23 Pa.C.S. 5425.  However, the application of § 5425 is doubtful herein because the trial court's jurisdictional order does not fall within the statutory definition of a "child custody determination," *i.e.*, "A judgment, decree or other order of a court providing for legal custody, physical custody or visitation with respect to a child." 23 Pa.C.S. § 5402.

facts they deemed important. As the trial court observed, "The parties argued in open court twice and submitted memorandum[a] on their positions on the question of relinquishment." Trial Court Opinion, 4/22/15, at 6. In truth, Mother refuses to acknowledge that she neither requested an evidentiary hearing nor raised this complaint before the trial court. In fact, the certified record bears out that Mother sought to argue her position based upon the pleadings and without the assistance of an evidentiary proceeding.

Indeed, Mother's motion to relinquish jurisdiction simply relied on the averments contained therein. *See* Certified Record at # 71. Likewise, in her supporting memorandum, Mother neglected to request a hearing, introduce affidavits, stipulations, or exhibits, or otherwise bolster the certified record. *See* Certified Record at #69. Additionally, even after the trial court denied her motion to transfer, Mother did not challenge the state of the record or assert that the court impeded her opportunity to present facts and arguments. Instead, she filed a motion for reconsideration that repeated her initial averments, referenced the prior memorandum, and requested that the trial court recognize the appealability of its interlocutory order regarding jurisdiction. *See* Certified record at #80. As a matter of fact, Mother failed to raise this precise issue in her Rule 1925(b) statement; however, since the issue is arguably subsumed by her broad allegation of

trial court error, we do not deem the issue waived under Pa.R.A.P. 1925(b)(4)(vii).[6]  Nevertheless, since Mother failed to object to the state of the record at any juncture before the trial court rendered its decision, much less request an evidentiary hearing or an opportunity to present additional facts on the jurisdictional issue, her current allegations cannot be entertained on appeal.  **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Furthermore, the trial court was abundantly aware of the circumstances involved in the intertwined divorce and custody disputes and had sufficient information with which to decide the jurisdictional issue.[7]  The trial court reasoned as much herein and referenced its familiarity with the facts of the case in the Rule 1925(a) Opinion.  Specifically, in addressing Mother's issue regarding the court's discretion to decline jurisdiction as an

_____

[6] At some point, Mother had to at least infer this position because the trial court referenced it in its Rule 1925(a) Opinion.

[7] In Allegheny County, the same trial court judge presides over custody proceedings as well as ongoing divorce proceedings filed at the same case number.  Interestingly, the Hague Convention on Jurisdiction, Applicable Law, Recognition, Enforcement and Cooperation in Respect of Parental Responsibility and Measures for the Protection of Children directs that a court retains jurisdiction over an international child custody dispute if it is in the process of adjudicating the parents' divorce.  **See S.K.C. v J.L.C.**, 94 A.3d 402, 414 n.16 (Pa.Super. 2014) citing Article 10, 35 I.L.M. 1391, 1398. While the Hague Convention treaties do not govern this wholly domestic custody dispute, we note that the foregoing principle is consistent with our rationale.

inconvenient forum pursuant to 23 Pa.C.S. § 5427, the trial court observed, "[Mother] ignores the amount of factual information this Court has been given by the parties in conciliations. There may be no factual record for the purposes of appellate review, but this Court is familiar with the parties and the facts of this case[.]" Trial Court Opinion, 4/22/15, at 7-8. Thus, notwithstanding Mother's present protest, we find that the trial court's reference to the children's relationship with Father and his extended family in Pennsylvania is not a ground to disturb its jurisdictional determination, particularly in light of Mother's failure to request a hearing.

As it relates to the merits of the trial court's § 5422 analysis, two cases are particularly salient. In **Rennie supra**, we concluded, *inter alia*, that the record supported a trial court's continuing jurisdiction analysis where the non-custodial father exercised physical custody in Pennsylvania during two to three weeks of summer vacation, certain school vacations, and alternating holidays. Significantly, the **Rennie** Court reasoned, "As indicated in clear language in the statute, a 'significant connection' will be found where one parent resides and exercises parenting time in the state and maintains a meaningful relationship with the child." **Id**. at 1221.

This Court recently reaffirmed the **Rennie** Court's holding in **S.K.C. supra**, wherein the parents of a twelve-year-old daughter entered a June 14, 2012 custody agreement in the Pennsylvania court that was presiding over the combined divorce and custody proceedings. The accord, which

included a forum selection clause in favor of Pennsylvania, provided that the father would maintain primary physical custody of the child in Moffet, Quebec, Canada and the mother would exercise periods of physical custody during the first week of every month and certain holidays. Four months later, the father filed a petition to transfer jurisdiction of the custody case to Quebec pursuant to § 5422 and § 5427. The trial court denied the petition, holding that the forum selection clause precluded him from challenging jurisdiction under § 5422.

On appeal, this Court explained that, while the forum selection clause was relevant to the trial court's decision to relinquish jurisdiction under § 5427 regarding an inconvenient forum, it was irrelevant to the trial court's determination that it possessed exclusive, continuing jurisdiction under § 5422. *Id*. at 408-410. As it relates to the latter determination, we examined the statutory language of § 5422 to determine whether a significant connection existed between the child and Pennsylvania. After concluding that the relevant determination must be made based upon the circumstances as they exist at the time the relevant petition was filed, we relied upon our prior reasoning in **Rennie**, and concluded that the child had a significant connection with Pennsylvania as a consequence of the mother's right to exercise approximately three months of physical custody with her daughter per year in Pennsylvania. We reasoned,

> In **Rennie** we held that there was a significant connection between the child and the Commonwealth for three separate reasons: the visitations that occurred in Pennsylvania; the relationship between the child and her family in Pennsylvania; and the child's relationship with her friends in Pennsylvania. With respect to parental time in the Commonwealth, we noted that the father exercised parental time in Pennsylvania for a total of approximately one month every year. In the present case, Child spends over three months in Pennsylvania each year; hence, this case involves a stronger basis for finding jurisdiction in Pennsylvania than the facts before us in **Rennie** . . . . Thus, we conclude that **Rennie** supports our conclusion that there is a significant connection between Child and Pennsylvania.

**Id**. at 413 (citations omitted). Thus, we affirmed the trial court's determination that it possessed exclusive, continuing jurisdiction over the child custody dispute pursuant to § 5422.

The same principle applies in the present case. Consistent with the August 8, 2013 custody consent order that was included in the certified record, Father exercises physical custody of the children yearly during the entirety of summer vacation, less ten days at the beginning and end of the break. In addition, Father exercises one week of physical custody during each of spring break and Christmas break on even numbered years. Thus, in sum, Father has approximately three months of physical custody in Pennsylvania per year, depending on the length of the children's spring and winter academic breaks and the dates that the academic year typically ends and resumes in California. Consistent with **Rennie** and **S.K.C.**, since Father resides in Pennsylvania and exercises a meaningful degree of custody with the children in the Commonwealth, a significant connection exists between

the children and Pennsylvania under § 5422(a)(1). *See S.K.C.*, *supra* at 413-414 (where parent exercises custody in Pennsylvania for more than three months per year, "trial court properly found that it possessed exclusive, continuing jurisdiction over the child custody dispute in this case pursuant 23 Pa.C.S.A. § 5422"); *Rennie*, *supra* at 1222 ("a 'significant connection' will be found where one parent resides and exercises parenting time in the state and maintains a meaningful relationship with the child").

Mother argues that *S.K.C.* is "extremely distinguishable" and goes to great lengths to explain how "[t]he facts in the case at hand are not even similar to the facts in *S.K.C.*" *See* Mother's brief at 15, 16. However, despite Mother's concerted efforts to deconstruct the facts of the two cases, the dispositive circumstance in *S.K.C.*, *i.e.*, the mother's ability to exercise significant periods of physical custody in Pennsylvania, was the keystone in the trial court's § 5422 analysis in the case at bar. Hence, despite Mother's protestations to the contrary, *S.K.C.* not only aligns with the facts of the instant case, it is controlling.

Additionally, we reject Mother's contention that, as of the date of the trial court's decision, Father had the opportunity to exercise physical custody in Pennsylvania during only one summer vacation and one Christmas break under the consent decree. First, this position simply states the obvious in that Mother did not permit Father to exercise physical custody during the balance of the summer break after the consent order was entered in August

- 17 -

of 2013, and Father was not entitled to Christmas break during that odd numbered year. Tellingly, Mother does not argue that Father failed to exercise physical custody in Pennsylvania during any period to which he was entitled. Moreover, the significance of the custody schedule on the § 5422 analysis under *Rennie* and *S.K.C.* relates to the non-custodial parents' ability to exercise physical custody in the Commonwealth and not, as Mother appears to argue, the amount of custody that he or she has been able to exercise due to consequences beyond his or her control. Indeed, in *S.K.C.*, we attributed to the mother periods of physical custody that she was unable to exercise in Pennsylvania during a four-month period that the father interfered with the custody exchanges. The identical principle would apply herein. As it is uncontested that Father enjoys approximately three months of physical custody in Pennsylvania per year under the terms of the consent decree, we find that the trial court properly found that the children have a significant connection with the Commonwealth in this case and, therefore, the court possessed exclusive, continuing jurisdiction over the child custody dispute pursuant § 5422.

Mother's final challenge to the trial court's jurisdictional determination is a comparative analysis of the children's relative contacts in California and Pennsylvania. The cruces of this argument are that the children have lived in California for considerably longer than the three years that they resided in Pennsylvania and that their connections with California are comparatively

stronger. Mother supports her position with a litany of assertions that she submitted to the trial court in her arguments and pleadings. In summary, she highlights that all of the children's scholastic, social, and extracurricular activities occur in California. She also observes that the children's medical professionals practice in California, and she identifies members of her immediate and extended family who are based in that state. The argument continues that, in comparison to California, the children have less connections to Pennsylvania and spend limited time in the Commonwealth. She adds that Father does not reside in the marital residence and the children have not historically participated in organized activities in Pennsylvania during Father's custodial periods. Ultimately, Mother concludes, "The truth of the matter is that the children . . . have never had a significant connection with Pennsylvania as it was only a place that they passed through or resided temporarily for a short period of time during their lives[.] **At this point**[,] **they have lived longer in California than they ever lived in Pennsylvania**." Mother's brief at 14-15 (emphasis in original).

While Mother's contention may be relevant to the inconvenient forum issue we address *infra*, her proposed analysis weighing the children's relative contacts to the the two jurisdictions is irrelevant under § 5422(a)(1). The pertinent considerations pursuant to that provision do not relate in any manner to the children's contacts with California. In reality, the only

evidence relevant to the § 5422(a)(1) determination concerns whether the children have a significant connection to Pennsylvania or whether substantial evidence is available in Pennsylvania concerning their care, protection, training, and personal relationships. Stated plainly, Mother's comparative analysis is inapt.

As we conclude that the children have a significant connection with Pennsylvania pursuant to *Rennie*, *supra* and *S.K.C.*, *supra*, we do not address Mother's remaining argument regarding whether substantial evidence is available in Pennsylvania concerning the child's care, protection, training and personal relationships. *See Rennie*, *supra* at 1221 ("Pennsylvania will retain jurisdiction as long as a significant connection with Pennsylvania exists or substantial evidence is present."); *S.K.C.*, *supra* (passing on question regarding substantial evidence after determining that significant connection existed).

The second issue that Mother presented for our review relates to the trial court's decision to reject Mother's request to transfer jurisdiction to California as the more appropriate forum. Pursuant to § 5427, a trial court may decline to exercise jurisdiction over a child custody dispute if it determines that it is an inconvenient forum under the circumstances of the case. Section 5427 identifies eight factors to consider in deciding whether it is appropriate to permit another state to exercise jurisdiction as the more convenient forum:

(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) the length of time the child has resided outside this Commonwealth;

(3) the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which state should assume jurisdiction;[8]

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

23 Pa.C.S. § 5427(b).

"The burden . . . is on a petitioner who would have a court in the home state decline to exercise its jurisdiction to show that the home state is an inconvenient forum and that another state would be a more appropriate

_____

[8] Thus, unlike the § 5422 analysis to determine a trial court's exclusive, continuing subject matter jurisdiction, § 5427 expressly states that a forum selection clause is a relevant factor for a trial court with subject matter jurisdiction to consider in determining whether or not to decline to exercise its jurisdiction because it is an inconvenient forum. Thus, the parties' four references to Pennsylvania jurisdiction in the consent order in the case at bar militate in favor of the court's decision to retain jurisdiction.

forum." ***Joselit v. Joselit***, 544 A.2d 59, 62 (Pa.Super. 1988). We review a trial court's decision to exercise or decline jurisdiction under § 5427 for an abuse of discretion. ***S.K.C.***, ***supra*** at 414.

Herein, the trial court declined to relinquish jurisdiction. The court noted that the first factor regarding domestic violence was inapplicable. It found that the fifth, seventh, and eighth factors weighed heavily in favor of its retention of jurisdiction. To a lesser degree, the court deemed factor four as supporting its decision to deny Mother's motion to relinquish. It considered the second and third factors, relating to the length of the children's residence in California and the distance between the states, as favoring Mother's position; however, it believed that the parties' financial status, as addressed in factor four, mitigated the effect of those two factors. Specifically, the court observed that, in light of the $6,000 per month child support award entered against Father, "There are adequate funds for Mother to travel to Pittsburgh for hearings in this matter [and] Teachers, physicians, friends, or other [witnesses] in California can testify by [tele]phone[.]" Trial Court Opinion, 3/22/15, at 8. Thus, the court concluded that Mother failed to satisfy her burden of proof.

First, we address Mother's reiteration of her argument challenging the state of the certified record and the lack of an evidentiary hearing. Pursuant to § 5427(b), a petitioner is entitled to submit evidence and argument to the court regarding the decision to relinquish jurisdiction based on the assertion

that the court is an inconvenient forum. Under that relevant proviso, "the court shall allow parties to submit information and shall consider all relevant factors[.]" 23 Pa.C.S. § 5427(b). However, as we discussed, *supra*, in addressing this complaint in relation to the trial court's exclusive, continuing jurisdiction under § 5422, the trial court provided Mother an opportunity to present evidence and argument both orally and in her supplemental memorandum.

Moreover, Mother failed to request an evidentiary hearing or challenge the state of the record. Nevertheless, the trial court highlighted its familiarity with the family and the nuances of the intertwined custody and divorce proceedings that it has presided over since 2011. The court observed, "[T]his Court is familiar with the parties and the facts of this case in the way a new tribunal would not be. To start anew would not be expedition; it would be just the opposite." Trial Court Opinion, 4/22/15, at 8. For all of these reasons, we reject Mother's delayed challenge to the state of the trial court's determination.

The substantive aspect of Mother's argument challenges the weight of the evidence regarding the trial court's consideration of the the statutory analysis. Mother simply reweighs the eight factors in a light more favorable to her position and concludes that all but two weigh in favor of relinquishing

jurisdiction.[9]   Mother even posits that the fifth factor, relating to the forum

selection clause, inures to the benefit of her position because one of the four

references to Pennsylvania jurisdiction utilized the permissive "may" rather

than "shall."   However, Mother does not acknowledge the three instances in

the consent order where she agreed that that the consent order **shall** be

interpreted according to the laws of Pennsylvania; **shall** be presented and

entered in the of Allegheny County trial court; and **shall** be enforced in the

Commonwealth of Pennsylvania.   In relation to the fifth factor, we noted in

**S.K.C.**, **supra**, at 416, that "under the plain terms of the statute, the

existence of the forum selection clause weighed in favor of the trial court

exercising its jurisdiction over this matter."   Thus, this aspect of Mother's

challenge fails.

---

[9] Mother agrees with the trial court's finding that the first factor is inapplicable and deemed the eighth factor, the court's familiarity with the case, neutral because the trial court had never been required to perform a best interest analysis.  In addressing the eighth factor in **S.K.C.**, **supra**, at 417-418, this Court opined that the trial court's familiarity with the custody case weighed in favor of exercising jurisdiction even if it had not personally conducted most of the hearings in the matter.  We stated, "we agree that the trial court has grown very familiar with the facts and issues in this case." **Id**. at 418.  Instantly, the trial court pointed out that it has presided over the combined proceedings since 2011 and understood the parties positions and relevant facts better than a new jurisdiction could.   The court's familiarity with the prolonged history of this case disproves Mother's assessment that this factor is neutral.

Additionally, Mother's re-assessment of the statutory factors belies her understanding of our standard of review and our deference for the trial court's fact-finding generally. In essence, Mother entreats that we re-examine the facts and arguments presented to the trial court in a more favorable light to attain a different conclusion. Mindful of our standard of review, the fact that Mother executed a custody agreement which contained three mandatory references to Pennsylvania's jurisdiction, and the trial court's familiarity with the nuances of the custody dispute, we decline Mother's request to reevaluate of the statutory factors.

For all of the foregoing reasons, we conclude that the trial court possessed exclusive, continuing jurisdiction under § 5422 and did not abuse its discretion in denying Mother's request to relinquish its jurisdiction to California pursuant to § 5427.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2015